UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK ORAVETZ,<br><br>               Plaintiff,<br><br>vs.<br><br>SEQUIM SELF STORAGE UNITS,<br><br>               Defendant. | Case No. 2:25-cv-00151-BLW<br><br>**INITIAL REVIEW ORDER** |

      Pending before the Court are Plaintiff Mark Oravetz's Complaint and in Forma Pauperis Application. Dkts. 2, 1. Title 28 U.S.C. § 1915(e)(2)(B) permits the Court to screen and summarily dismiss non-prisoner pauper complaints or claims that are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

      First, the Complaint fails to state a claim upon which relief can be granted and does not contain facts showing subject matter jurisdiction exists. He states that he brings his claim as a "federal question." Dkt. 2 at 3. To state a claim under 42 U.S.C. § 1983, the

**INITIAL REVIEW ORDER - 1**

civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff brings his claims under the Fourth, Fourteenth, and Fifteenth Amendments.

He asserts that Sequim Self Storage Units violated his civil rights under the Fourth, Fourteenth, and Fifteenth Amendments, but no allegations show this Defendant is a state actor or that the facts raise a federal question. "The Fourth Amendment limits searches conducted by the government, not by a private party, unless the private party acts as an 'instrument or agent' of the government." *United States v. Young*, 153 F.3d 1079, 1080 (9th Cir. 1998) (per curiam). "As a general matter the protections of the Fourteenth Amendment do not extend to private conduct abridging individual rights." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (internal citation and punctuation omitted). The Fifteenth Amendment prohibits interference with the right to vote on the basis of race, and is not related to any cause of action here. U.S. Const. amend. XV.

Plaintiff states only that his causes of action are "robberies and fraud" (Dkt. 2 at 3), which are mere statements of law. There are no facts to support these bare legal statements.

Diversity jurisdiction under 28 U.S.C. § 1332—which requires that the parties be citizens of different states and that the amount in controversy be over $75,000.00—is not an option. Both parties are residents of Washington, and there are no clear allegations

**INITIAL REVIEW ORDER - 2**

showing Defendant owes Plaintiff over $75,0000 for "major robbery clothes table and beds and major high end dresser." Dkt. 2 at 4.

Second, a federal court must satisfy itself that it has authority to exercise personal jurisdiction over the defendant. Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, Plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). Personal jurisdiction over a nonresident defendant exists if (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction- is reasonable.  *See Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). No facts support a conclusion that the Court has personal jurisdiction over the defendant.

Third, venue must also be proper. Legal actions may be brought only in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

**INITIAL REVIEW ORDER - 3**

No facts support a conclusion that venue in Idaho is appropriate. Plaintiff will be given leave to provide facts supporting proper venue in Idaho over Washington parties in an amended complaint or to voluntarily dismiss this case.

Fourth, Plaintiff filed a motion to proceed in forma pauperis in this case, Dkt. 1, but a review of his application shows that he does not qualify without further information. In his other cases filed simultaneously with this one, he asserts he has $8,800 cash. Plaintiff pays $750 a month for "moorage and storage unit," and he has no debt. *Id*. He must explain the discrepancies between the different in forma pauperis applications filed within the same time frame as this one.

## ORDER

Accordingly, for all of the foregoing reasons, **IT IS ORDERED**:

1. Plaintiff's in Forma Pauperis Application (Dkt. 5) is DENIED without prejudice.

2. Plaintiff's Complaint is DISMISSED without prejudice to amending it to state a claim, to cure the deficiencies set forth above, within 21 days after entry of this Order.

3. Plaintiff must not file a motion to amend his in forma pauperis application without filing an amended complaint at the same time.

4. Failure to file a proper amended complaint correcting the deficiencies identified in this Order will result in entry of judgment and closure of this case for the reasons set forth above, without further notice to Plaintiff.

**INITIAL REVIEW ORDER - 4**



DATED: August 2, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER - 5**